## Hartman License

360

*William H. Bayer*, for appellant.

*Murray Mackson*, for Secretary of Revenue.

HEIMBACH, P. J., May 22, 1963.—This is an appeal from the suspension of the appellant's operator's license by the Secretary of Revenue . . .

The prosecutor, travelling in the same direction as appellant, noted appellant's "rig" weaving from one lane of travel to the other (both lanes accommodating traffic driving in an easterly direction), although neither striking the medial strip nor going off on the shoulder. He could not remember the number of times appellant crossed back and forth during the mile he followed him, but stated it was more than once. There was no other traffic in either direction. The police officer, concluding that appellant was "dozing," stopped appellant and inquired if he was sleepy. Appellant answered and said he "could use some sleep," whereupon the officer took appellant into custody.

Appellant, being charged with reckless driving and being advised he would have to remain until the next morning unless he then paid the fine and costs, chose to pay such fine and costs, even though denying the charge. Under such circumstances, paying fine and costs is not an admission of guilt.

Appellent testified that he answered the question concerning sleep as he did only because it was two o'clock in the morning. He stated he had not been dozing nor was he sleepy. He had been off duty for 23 hours prior to 5 p. m. May 17th, and during that time, slept for 12 to 14 hours. He went back on duty at 5 p. m. and moved the truck for loading at 6 p. m. While the truck was being loaded between 6 p. m. and 11 p.m. , he again slept. He left Warren, Ohio, at 11 p. m., and was stopped by the state policeman at 2 a. m. He stated that there was a series of curves on the turnpike section where he was arrested. Since there was no traffic either to the front or rear of him, in taking these curves, to prevent the trailer from swaying and to save strain on the cargo straps, he used both lanes, but there was nothing reckless in his action.

To sustain a charge of reckless driving there must be more than mere negligence. There must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle: Commonwealth v. Vink, 193 Pa. Superior Ct. 154.

The Commonwealth has proved nothing more than a crossing back and forth from two lanes accommodating traffic going in the same direction. The Commonwealth admits no other user of the highway was endangered by this conduct. We have no evidence that such crisscrossing occurred for any reason other than that stated by defendant. The criminal rules as to presumption of innocence and reasonable doubt apply.

From the testimony we find no evidence of negligence whatsoever. We adopt the statement of Judge Biester in Mensing Automobile License Case, 12 Bucks 404 at 406:

" 'Appellant's conduct cannot, by any stretch of the imagination, be characterized as having been reckless, or culpably negligent, or in careless disregard of the rights or safety of others, or in conscious appreciation of the probable extent of danger or risk incident to contemplated action, all of which are facets of the accepted definitions of reckless driving, Fowler Automobile License Case, [9 Bucks Co. L. Rep. 271].' "

Since there was no violation of The Vehicle Code, the secretary's suspension was clearly unauthorized and must be vacated and reversed. Hence, this

### Order

And now, to wit, May 22, 1963, the within appeal from suspension of the operator's license of John Hartman is hereby sustained, and the order of the Secretary of Revenue suspending the operator's privilege to appellant is vacated, overruled and reversed. Costs on appellant.